UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby C. Jenkins, # 271240, | ) C/A No. 5:14-2709-RMG-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Brian Shirley, Director of SCDC; | ) |
| Larry Cartledge, Warden; | ) |
| Officer Merck; | ) |
| Officer Lee, | ) |
| | ) |
| Defendants. | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

On June 30, 2014, Bobby C. Jenkins ("Plaintiff") submitted a Complaint to the Perry Correctional Institution's mailroom for filing in this court. ECF No. 1-1; *see Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). In his Complaint, Plaintiff alleges that he and other inmates have been having problems with their efforts to receive copies and legal materials from Defendant Merck—whom he identifies as a "law library designee" at "Perry Prison"—for several months, and that their complaints to Merck's supervisors have gone unheeded. Compl. 3,

5-9, ECF No. 1. Plaintiff alleges that, on June 19, 2014, Merck refused to make copies of medical records for him or to provide legal material or assistance to him so that Plaintiff could institute a medical malpractice action in state court. *Id*. at 10. According to Plaintiff, Merck rejected his request for copies and legal assistance because Merck believed that a medical malpractice case is not the type of case covered by the South Carolina Department of Corrections' ("SCDC") indigent-inmate copy policy. *Id*. Plaintiff alleges that the malpractice action he wished to institute was a suit about his conditions of confinement within SCDC and the medical care he has received while in the prison; therefore, according to Plaintiff, his copy requests should have been granted under the applicable policy. *Id*. at 12-13. Plaintiff also alleges that SCDC's copy policy and indigent writing material policy violate his constitutional rights because inmates with money can get unlimited copies and writing material, but indigent prisoners like Plaintiff are extremely limited in the nature and amount of copies and paper and envelopes they can have. *Id*. at 11-12. There are no allegations that Plaintiff had any pending cases dismissed, lost any pending motion, or that he missed an established filing deadline in any pending cases as a result of Defendant Merck's refusal to make the copies and provide the legal assistance he requested. Instead, it appears that Plaintiff's major complaint is that he is being hindered in his attempts to file a new civil action in state court. It is noted that Plaintiff has been able to file four separate new civil cases (including the case now under review) in this court during the relevant time period. Each of those cases was submitted to the mailroom at Perry Correctional Institution on June 30, 2014, and each was docketed in this court on July 3, 2014. *See* Civil Action Nos. 5:14-2708; -2709; -2710; -2711-RMG-KDW; *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of

ascertainable facts is in noticing the content of court records."'). Plaintiff seeks injunctive relief and damages from Merck, another corrections officer, the SCDC Director, and Perry Correctional Institution's Warden. *Id*. at 2, 14.

Under the initial order issued in this case, Plaintiff was directed to provide answers to special interrogatories from this court regarding his efforts to administratively exhaust the access-to-court and unconstitutional-prison-policy claims he seeks to raise. ECF No. 7. Plaintiff submitted his Answers to the Court's Special Interrogatories for filing on August 6, 2014. ECF No. 10. In those Answers and the attachments submitted along with them, Plaintiff acknowledges that he filed a Step 1 "emergency" grievance on June 19, 2014, and received a negative response from the prison grievance coordinator on June 23, 2013.[1] There are no allegations that he completed the SCDC administrative remedy process by filing and pursuing to completion a Step 2 grievance before submitting the Complaint under review for filing approximately one week later on June 30, 2014. *Id*.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992);

---

[1] The copy of Plaintiff's Step 1 "emergency" grievance dated June 19, 2014 shows that the grievance was rejected by the grievance coordinator on June 23, 2014 because Plaintiff did not complete the required informal resolution process before he submitted the Step 1 grievance form. ECF No. 10-2. Plaintiff was informed that he needed to obtain a "response to the Request to Staff form" from "Cpt. Duffy" and attach that to another Step 1 grievance before it would be accepted for processing. *Id*. It does not appear that Plaintiff completed the informal resolution process or submitted another, fully supported Step 1 grievance before he filed this case.

*Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.   Discussion

Plaintiff's Complaint should be summarily dismissed without service on Defendants because it was filed prematurely, before he fully exhausted his SCDC administrative remedies as required by 42 U.S.C. § 1997e. In enacting the Prison Litigation Reform Act of 1996 ("the PLRA"), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended § 1997e so that it now provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (prisoners must "properly exhaust" their administrative remedies before coming into court by using all steps available and doing it the way the agency's policy requires); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (exhaustion applies to all kinds of "inmate suits about prison life . . . .").

Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, *Jones v. Bock*, 549 U.S.199, 211-12 (2007), in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court (such as answers to special interrogatories), sua sponte dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d 674, 683 (4th Cir. 2005). Specifically, the current SCDC policy requires prisoners to undertake attempts at informal resolution of the problems before filing a Step 1 Grievance form and attaching a copy of the prisoner's informal Request to Staff Member ("RTSM"). No time limit for the staff member's response is provided in the SCDC written inmate grievance policy. *See* SCDC Policy/Procedure GA-01.12, at §13.2 (Oct. 1, 2010, as amended by "Change 2, dated March 9, 2013"). However, the policy does provide time limitations for the warden at the prisoner's institution to provide a response to any properly submitted Step 1 grievance, and for the "responsible person" at SCDC headquarters to respond to any Step 2 grievance. *Id*. §§ 13.3-13.7. The decision of the "responsible official" who answers the Step 2 grievance is the SCDC's final response in the matter. *Id.* § 13.7.

In this case, Plaintiff's failure to fully exhaust the SCDC grievance process (RTSM, Step 1, and Step 2) with regard to the problems he alleges regarding his efforts to obtain photocopies and legal assistance in filing a state malpractice case before filing his lawsuit is fatal to this case. Plaintiff's own answers to the court's special interrogatories about his use of the SCDC administrative process show he has not yet filed a properly completed Step 1 grievance and appears to still be in the RTSM stage of the process. Plaintiff cannot argue in good faith that requiring exhaustion of his SCDC remedies would be futile because it does not appear that he gave the process a reasonable period to work before submitting this premature Complaint. As the United States Supreme Court has held, the PLRA exhaustion requirement requires "proper exhaustion," which "'means using all steps that the agency holds out, and doing so properly.'" *Woodford v. Ngo*, 548 U.S. at 90–91 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Plaintiff's lack of administrative exhaustion prior to the filing of this case is clear on the face of his submissions to the court and requires dismissal of the premature Complaint he filed in this case. This court is not required to keep a case like this on its docket while the plaintiff pursues administrative exhaustion. *See Woodford v. Ngo,* 548 U.S. at 84-85; *Ballenger v. Barkley*, No. Civ.A.6:03-3333-27AK, 2004 WL 3312009, * 3 (D.S.C. July 27, 2004). Because the case should be dismissed without prejudice, Plaintiff may file another case based on the same facts and allegations after he fully completes the SCDC administrative remedy process.[2]

Moreover, even if Plaintiff had fully completed the administrative exhaustion process before filing this case, the allegations in the Complaint concerning denial of photocopies, legal

---

[2] Nothing in this Report should be construed as indicating another case would be successful.

assistance, and writing materials do not raise a plausible constitutional claim of denial of access to court. As explained by this court in a prior case, a prospective plaintiff must show an actual injury allegedly caused by the defendants' actions in order to state a plausible claim for denial of access to the courts. *See Rutland v. Dewitt*, No. 8:09-1753-SB (D.S.C. 2009) (ECF Nos. 8, 11); *see also Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (to state a claim for denial of meaningful access to the courts an inmate must allege specific injury resulting from the alleged denial). The Fourth Circuit Court of Appeals has held that the prisoner's complaint must contain specific allegations as to the actual injury sustained. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993). The Complaint submitted by Plaintiff contains allegations of a speculative injury rather than an actual one. Plaintiff asserts that Defendants' actions delayed him in his desire to file a civil case in state court, but he does not allege that he was totally prevented from filing that case because of a missed deadline or some other technical or procedural matter that could have been avoided had Defendants provided Plaintiff with the copies and assistance he requested. It is noted that Plaintiff has not been prevented from filing cases in this court. Also, Plaintiff does not allege that Defendants' actions caused the dismissal of a pending case, the loss of a motion in a pending case, or any missed deadline in a civil or criminal action. *See Lewis*, 518 U.S. at 351. Regardless of Plaintiff's exhaustion efforts or lack thereof, without allegations of an actual injury, Plaintiff's Complaint fails to state a plausible § 1983 claim or any other federal claim for unconstitutional denial of access to court or discriminatory policy against any Defendant.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

September 9, 2014                                       Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**