# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bobby C. Jenkins, | ) | No. 5:14-2709-RMG |
|           Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Brian Shirley, Director of SCDC;<br>Larry Cartledge, Warden;<br>Officer Merck;<br>Officer Lee, | ) | |
|           Defendants. | ) | |

This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge, recommending that Plaintiff's Complaint be dismissed without prejudice and without service of process. (Dkt. No. 16). For the reasons stated below, the Court adopts the R & R and dismisses this action without prejudice.

## BACKGROUND

This is a civil action filed *pro se* by a state prison inmate. In his Complaint, Plaintiff alleges that he and other inmates have been having problems with their efforts to receive copies and legal materials from Defendant Merck–who he identifies as a "law library designee" at "Perry Prison"–for several months and that their complaints to Merck's supervisors have gone unheeded. (Dkt. No. 1 at 3, 5-9). Plaintiff alleges that, on June 19, 2014, Merck refused to make copies of medical records for him or to provide legal material or assistance to him so that Plaintiff could institute a medical malpractice action in state court. (*Id.* at 10).

Under the initial order issued in this case, Plaintiff was directed to provide answers to special interrogatories from the court regarding his efforts to administratively exhaust the claims

1

raised in his Complaint. (Dkt. No. 7). In Plaintiff's Answers and the attachments submitted along with them, Plaintiff acknowledges that he filed a Step 1 "Emergency" grievance on June 19, 2014, and received a negative response from the prison grievance coordinator on June 23, 2014. The response indicates that Plaintiff's request was rejected because Plaintiff did not complete the required informal resolution process before he submitted the Step 1 grievance form. (Dkt. No. 10-2). Plaintiff was informed that he needed to obtain a "response to the Request to Staff form" and attach that to another Step 1 grievance before it would be accepted for processing. (*Id.*).

On September 9, 2014, the Magistrate Judge issued an R & R, recommending that the district court summarily dismiss the Complaint in this case without prejudice because it was filed prematurely, before Plaintiff fully exhausted his SCDC administrative remedies as required by 42 U.S.C. § 1997e. (Dkt. No. 16). Plaintiff filed timely Objections to the R & R. (Dkt. No. 20).

## LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a

2

plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore,* 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989).

## DISCUSSION

The Court agrees that the Plaintiff's Complaint was filed prematurely, as the SCDC administrative remedies were not fully exhausted. In enacting the Prison Litigation Reform Act of 1996 ("the PLRA"), Congress created an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended § 1997e so that it now provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner,* 532 U.S. 732, 741 (2001); *see Woodford v. Ngo,* 548 U.S. 81, 90-01 (2006) (prisoners must "properly exhaust" their administrative remedies before coming into court by using all steps available and doing it the way the agency's policy requires); *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (exhaustion applies to all kinds of "inmate suits about prison life . . . .").

In this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's Complaint or from additional facts requested by the court (such as answers to special

3

interrogatories), sua sponte dismissal prior to service of the Complaint is appropriate. *See Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d 674, 683 (4th Cir. 2005). The current SCDC policy requires prisoners to undertake attempts at informal resolution of the problems before filing a Step 1 Grievance form and attaching a copy of the prisoner's informal Request to Staff Member ("RTSM"). *See* SCDC Policy/Procedure GA-01.12, at §13.2 (Oct. 1, 2010, as amended by "Change 2, dated March 9, 2013").

Plaintiff failed to fully exhaust the SCDC grievance process (RTSM, Step 1, and Step 2) with regard to the problems he alleges regarding his effort to obtain photocopies and legal assistance in filing a state malpractice case before filing his lawsuit and Complaint. Plaintiff's own answers to the court's special interrogatories about his use of the SCDC administrative process show he has not yet filed a properly completed Step 1 grievance and appears to still be in the RTSM stage of the process. (Dkt. No. 10). Plaintiff argues in his Objections to the R & R that as a result of his "emergency situation" he "does not have time to use the prison grievance system." (Dkt. No. 20 at 10). However, Plaintiff's argument is without merit; he has not alleged any imminent harm. He has not fully attempted to use the SCDC remedies or given the process a chance to work before submitting his Complaint.

Plaintiff also argues that the individual who reviewed his Step 1 "emergency" grievance acted in bad faith as she "violated policy" by refusing to accept the request. (Dkt. No. 20 at 8). However, Plaintiff's answers to the special interrogatories show he had not properly exhausted his RTSM, as the Step 1 response states, and Plaintiff has failed to provide any additional facts relating to the alleged misconduct of the individual responsible for reviewing the Step 1 "emergency" grievance.

As to Plaintiff's request that the Court "hold [this Complaint] in bay until I complete my exhaustion," (Dkt. No. 20 at 19) this Court is not required to keep a case like this on its docket while the Plaintiff pursues administrative exhaustion. *See Woodford v. Ngo*, 548 U.S. at 90-91 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

In regards to whether Plaintiff has otherwise stated a claim for relief, the Court agrees with the Magistrate Judge that it is unclear whether Plaintiff was totally prevented from filing a civil case in state court or simply delayed. To state a claim, Plaintiff must allege actual prejudice, such as he was totally prevented from filing or that the delay in filing prejudiced him in some way. The Court agrees he has not done so in this Complaint. In Plaintiff's Objections to the R & R, he alleges he was "not able to send my most recent paperwork I filed in the court" to the Department of Justice. (Dkt. No. 20 at 9). This Court cannot determine what case Plaintiff is referencing or why he would need to provide those documents to the Department of Justice.[1] Based upon those facts alleged by the Plaintiff, it is unclear whether Plaintiff suffered any prejudice. Without allegations of an actual injury, Plaintiff's Complaint fails to state a plausible § 1983 claim or any other federal claim for unconstitutional denial of access to court against any Defendant. *E.g., Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).

## CONCLUSION

For the reasons set forth above, the Court agrees with and adopts the R & R (Dkt. No. 16) as the Order of the Court, and this action is **DISMISSED WITHOUT PREJUDICE**.

---

[1] Plaintiff provided a case number in reference to his efforts of submitting documents to the Department of Justice. However, a search of the case number provided revealed no State or Federal suits relating to the Plaintiff.

5

Plaintiff's Motion to Amend the Complaint (Dkt. No. 22) is **DENIED AS MOOT**.[2]

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

October 24, 2014
Charleston, South Carolina

---

[2] Plaintiff filed a Motion to Amend the Complaint on September 25, 2014. (Dkt. No. 22). In this motion, Plaintiff merely seeks to correct a spelling error in the name of Director Brian P. Stirling. The requested amendment does concern the issues addressed in this Order.